United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40031
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MATTY SANTIBANEZ,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-835-ALL
---------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Matty Santibanez appeals her conviction following a jury
trial for possession with intent to distribute more than 500
grams of cocaine and importation of more then 500 grams of
cocaine.  Santibanez was sentenced to a term of imprisonment of
100 months on each count, to be followed by a five-year term of
supervised release, the terms to run concurrently.

    Santibanez argues that the evidence was insufficient to
support her convictions because the Government failed to prove

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that she had knowledge that cocaine was concealed in the battery in her car. Santibanez's conduct at the time of her arrest, her failure to provide any explanation as to how the recent alterations to the battery could have occurred, and the large amount of drugs all raised reasonable inferences of guilty knowledge. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998); United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999). Viewed in the light most favorable to the verdict, the evidence was sufficient for a rational juror to determine beyond a reasonable doubt that Santibanez had knowledge of the presence of the cocaine concealed in her vehicle. See Ortega Reyna, 148 F.3d at 543.

Santibanez argues that the district court erred in allowing the prosecutor to make prejudicial and misleading statements during closing argument. Santibanez objected to statements of the prosecutor about what was known from the evidence presented. These comments merely addressed the inferences which the prosecutor was asking the jury to draw from the evidence. Such comments are not improper. See United States v. Munoz, 150 F.3d 401, 414-15 (5th Cir. 1998).

Santibanez's counsel also unsuccessfully objected to the prosecutor's argument on rebuttal that Santibanez was working with a drug dealer in transporting the drugs. Santibanez objected that the prosecutor was assuming facts not in evidence. During his closing argument, defense counsel argued that the

evidence implied that, unknown to Santibanez, the drugs were concealed in the car by her son or some other party. The prosecutor responded by arguing that it was unlikely that a drug dealer would allow Santibanez to unknowingly transport such a valuable amount of drugs. The prosecutor was merely trying to counter the argument of defense counsel. See United States v. Ramirez-Velasquez, 322 F.3d 868, 874 (5th Cir. 2003).

Santibanez did not file an objection to the other comments by the prosecutor that she is complaining about. Therefore, review is for plain error. See Munoz, 150 F.3d at 415. These comments made by the prosecutor were also arguments as to the inferences raised by the evidence presented, which was not improper argument. Id. at 414-15. Insofar as any of the comments went beyond the evidence presented, Santibanez has not shown that the statements were so prejudicial as to affect her substantial rights or the integrity of the judicial proceedings. Therefore, allowing the comments did not constitute plain error. See United States v. Olano, 507 U.S. 725, 732 (1993).

The judgment of conviction is AFFIRMED.